U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR 27 2009

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TOMMY LEE CODY,<br>　　Petitioner,<br><br>v.<br><br>NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>　　Respondent. | §<br>§<br>§<br>§　　Civil Action No. 4:09-CV-015-Y<br>§<br>§<br>§<br>§<br>§ |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.　NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.　PARTIES**

Petitioner Tommy Lee Cody, TDCJ #450532, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

**C. PROCEDURAL HISTORY**

In 1986 Cody was charged by felony indictment with aggravated sexual assault with a deadly weapon in the 297th District Court of Tarrant County, Texas, Case No. 0286734D. (State Habeas R. at 19) On April 22, 1987, a jury found Cody guilty of the offense and assessed his punishment at life imprisonment. (*Id.* at 21) The Texas Board of Pardons and Paroles (BOP) denied Cody release to parole on July 24, 2006. (Resp't Mtn. to Dismiss, Exhibit A) On October 2, 2008, Cody filed a state application for habeas relief raising one or more of the claims presented herein, which was denied without written order by the Texas Court of Criminal Appeals on November 19, 2008. (State Habeas R. at cover) Cody filed this federal petition for habeas relief on January 6, 2009.[1] Quarterman has filed a motion to dismiss the petition as time-barred. Cody did not timely reply to the motion.

**D. ISSUES**

Generally, Cody complains of the BOP's denial of his release on parole, its practices and procedures, and the policies regarding the suitability of an inmate for release on parole. (Petition at 7 & Pet'r Brief in Support at 1-2)

**E. STATUTE OF LIMITATIONS**

Quarterman believes Cody's petition is time-barred. 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding pro se habeas petition filed when petition and any attachments are delivered to prison authorities for mailing).

2

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (D), applicable to this case, the limitations period began to run on the date on which Cody could have discovered, through the exercise of due diligence, the factual predicate of his claims on July 24, 2006, the date parole was denied, and expired one year later on July 24, 2007, absent any applicable tolling. Cody's state habeas application, filed on October 2, 2008, after the limitations period had already expired did not operate to toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Cody alleged or demonstrated sufficiently rare and exceptional circumstances that would justify application of the doctrine of equitable tolling. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Cody's petition, filed on January 6, 2009, is therefore untimely.

## II. RECOMMENDATION

Based on the foregoing discussion, it is recommended that Quarterman's motion to dismiss Cody's petition be GRANTED and that the petition be DISMISSED as time-barred.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 18, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until May 18, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the

opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 27, 2009.

_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE